

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Mohammed-Blaize v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mohammed-Blaize v. Atty Gen USA" (2006). *2006 Decisions.* Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2076
_____

OLABIYI MOHAMMED-BLAIZE,
                                        Appellant

v.

U.S. ATTORNEY GENERAL;
CAMERON LINDSAY, WARDEN;
U.S. PENITENTIARY, CANAAN
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-02083)
District Judge: Honorable William J. Nealon
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 24, 2006

Before:  RENDELL, AMBRO and ROTH, Circuit Judges

(Filed: November 16, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Olabiyi Mohammed-Blaize appeals the order of the United States District Court

for the Middle District of Pennsylvania, dismissing his petition filed pursuant to 28

U.S.C. § 2241. Appellant was informed that the appeal would be considered for possible summary action and for determination under 28 U.S.C. § 1915(e)(2). We have considered Appellant's response, and we will summarily affirm.

Appellant is serving a prison term based on a conviction in the United States District Court for the Eastern District of New York for illegal reentry into the United States. Appellant filed the § 2241 motion at issue here, claiming, <u>inter</u> <u>alia</u>, ineffective assistance of counsel, as his attorney filed a direct appeal, but did not file a brief. He also argued that his removal order, premised on his illegal reentry conviction, violated his due process rights. The District Court dismissed the petition, holding that Mohammed-Blaize could not challenge his federal conviction by way of a § 2241 petition, and, to the extent he challenged his order of removal, the Court lacked jurisdiction to consider the challenge pursuant to the REAL ID Act. Appellant timely appealed.

A motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255. Section 2255 is not inadequate or ineffective merely because a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or otherwise cannot

2

meet the procedural requirements. <u>Okereke</u>, 307 F.3d at 120-21.[1]

The "safety valve" provided under section 2255 is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See <u>Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997). Appellant has presented no evidence of any such "unusual" situation. Appellant thus would be required to proceed by way of a § 2255 motion filed in the sentencing court. We further agree with the District Court that Appellant could not challenge his removal order by way of a § 2241 petition. 8 U.S.C. § 1252(a)(2)(D).

We will therefore summarily affirm the order of the District Court.[2]

---

[1] The District Court incorrectly characterized Appellant's petition as a "successive § 2255 motion." We take judicial notice that Appellant filed a prior § 2241 petition in the sentencing court, which was converted to a § 2255 motion. However, that motion was dismissed as premature, as it was filed before he had been sentenced on his conviction. See <u>Mohammed-Blaize v. INS</u>, 133 Fed. Appx. 774 (2d Cir. 2005) (not precedential). Thus, it does not count as a first § 2255 motion. <u>Cf.</u> <u>Christy v. Horn</u>, 115 F.3d 201, 208 (3d Cir. 1997) (when prior petition has been dismissed without prejudice for failure to exhaust state remedies, subsequent petition is not second or successive). Nevertheless, the District Court here properly dismissed Appellant's petition, for the reasons stated above.

[2] Appellant's motion for appointment of counsel is denied.